TAYLOR G. SELIM
Nevada Bar No. 12091
**HARPER | SELIM**
1935 Village Center Circle
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperselim.com
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| TERESA TORRES, individually, | CASE NO.: |
| Plaintiff, | |
| vs. | **DEFENDANTS' PETITION FOR REMOVAL** |
| GILBERT DAVIS, individually, GAYLENE SANDEE DAVIS, individually, DOES 1-10, and ROE CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Defendants, GILBERT DAVIS and GAYLENE SANDEE DAVIS ("Defendants"), by and through their attorneys of record, HARPER | SELIM, hereby removes this action to the United States District Court for the District of Nevada. Defendants' Petition for Removal is brought pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §1446(b)(3).

A.    **TIMELINESS OF REMOVAL**

1.    Service of the Complaint was effectuated on Defendants on May 13, 2025. A copy of the Complaint and Waiver of Service of Summons Under Rule 4.1 of the Nevada Rules of Civil Procedure are attached hereto as Exhibit "A."

2.    Generally, a notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* U.S.C. §1446(b).

1

3.      There is an exception to the general rule outlined in 28 U.S.C. §1446(b), however, which states:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removal."

28 U.S.C. §1446(b)(3) (emphasis added).

4.      On July 7, 2025, Plaintiff filed a Request for Exemption from Arbitration. In the request, Plaintiff included a computation of damages which, for the first time, set forth Teresa Torres' total medical specials in the amount of $197,781.37. A copy of the Request for Exemption from Arbitration is attached hereto as Exhibit "B."

5.      Based on Plaintiff's July 7, 2025 Request for Exemption from Arbitration, it has become apparent that Plaintiff is seeking more than $75,000 in damages and that the amount in controversy is sufficient to support removal. Indeed, the Request for Exemption from Arbitration is the first "other paper" since the service of the Complaint on Defendants on May 13, 2025 from which it may be ascertained that the case is removeable under 28 U.S.C. § 1332. This Notice of Removal is timely, therefore, as it has been filed within thirty (30) days of the receipt by Defendants of Plaintiff's Request for Exemption from Arbitration that sets forth damages exceeding $75,000.

**B.      DIVERSITY JURISDICTION**

6.      This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and, upon information and belief, the matter in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

7.      Plaintiff, Teresa Torres, is a resident and citizen of the State of Nevada.

8.      Defendants, Gilbert Davis and Gaylene Sandee Davis, are residents and citizens of the State of Arizona.

9.      This lawsuit alleges causes of action for (1) Negligence; (2) NRS 41.440 – Family Purpose Doctrine; and (3) Negligent Entrustment arising out of a motor vehicle accident occurring on October 27, 2024 in Clark County, Nevada that allegedly caused injury to Plaintiff. As a result of Defendants' alleged actions, Plaintiff has incurred past medical expenses for treatment following the motor vehicle accident that amount to $197,781.37, which exceeds the $75,000.00 jurisdictional floor.

10.     Defendants have concurrently filed a copy of this Petition for Removal with the Clark County District Court Clerk and has served a copy of this upon Plaintiff.

DATED this 4th day of August 2025.

**HARPER | SELIM**

TAYLOR G. SELIM
Nevada Bar No. 12091
1935 Village Center Circle
Las Vegas, NV 89134
*Attorney for Defendants*

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**HARPER|SELIM**
CIVIL AND COMMERCIAL LITIGATION

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HARPER | SELIM and that on the 4th day of August 2025, the foregoing **DEFENDANTS' PETITION FOR REMOVAL** was served upon the parties via the Court's e-Filing and service program as follows:

Brock K. Olson, Esq.
Justin A. Corne, Esq.
Caitlin J. Lorelli, Esq.
BROCK K. OHLSON, PLLC
6060 Elton Avenue
Las Vegas, NV 89107
*Attorneys for Plaintiff*

_____
An Employee of
HARPER | SELIM

4

Exhibit "A"

Electronically Filed
1/24/2025 12:55 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
   BROCK K. OHLSON, ESQ.
2  Nevada Bar No. 12262
   JUSTIN A. CORNE, ESQ.
3  Nevada Bar No. 14504                    CASE NO: A-25-910866-C
   CAITLIN J. LORELLI, ESQ.                       Department 4
4  Nevada Bar No. 14571
5  **BROCK K. OHLSON PLLC**
   6060 Elton Avenue
6  Las Vegas, NV 89107
   (702) 982-0055 Phone
7  (702) 982-0150 Fax
8  EFILE@INJURED.VEGAS
   *Attorneys for Plaintiff*
9

10             **IN THE EIGHTH JUDICIAL DISTRICT COURT**
                     **CLARK COUNTY, NEVADA**
11

12  TERESA TORRES, individually,           CASE NO.:
                                           DEPT. NO.:
13
                   Plaintiff,
14
15         vs.                             **COMPLAINT**
                                     **WITH DEMAND FOR JURY**
16  GILBERT DAVIS, indivdually;
    GAYLENE SANDEE DAVIS, individually ,
17  DOES 1-10, and ROE CORPORATIONS 1-10,
    inclusive,
18
19                 Defendants.

20         Plaintiff, TERESA TORRES, by and through her attorneys of record, Brock K. Ohlson,

21  Esq., Justin A. Corne, Esq., and Caitlin J. Lorelli, Esq. of BROCK K. OHLSON PLLC

22  complains, alleges and avers against Defendants as follows:

23                        **PARTIES AND JURISDICTION**

24         1.     Plaintiff, TERESA TORRES, is and was, at all times mentioned herein, a

25  resident of the Clark County, Nevada and the operator of a motor vehicle on Clark County,

26  Nevada roadways.

27         2.     Upon information and belief, Defendant GILBERT DAVIS, is and was at all

28  times pertinent hereto, a resident of Apache County, Arizona and the operator of a motor vehicle

---

COMPLAINT WITH DEMAND FOR JURY TRIAL | PAGE 1

1    on Calrk County, Nevada roadways.

2        3.    Upon information and belief, Defendant GAYLENE SANDEE DAVIS, is and

3    was at all times pertinent hereto, a resident of Apache County, Arizona and the registered owner

4    of a motor vehicle being operated on Clark County, Nevada roadways.

5        4.    The true names and capacities, whether individual, corporate, associate,

6    partnership or otherwise, of the defendants herein designated as DOES 1-10 and ROE

7    CORPORATIONS 1-10, inclusive, are unknown to Plaintiff, who therefore sues these unknown

8    Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that

9    each of the Defendants, designated as DOES 10, are, or may be, legally responsible for the

10   events referred to in this action, and caused damages to Plaintiff, as herein alleged, and Plaintiff

11   will seek leave of this Honorable Court to amend the Complaint to insert the true names and

12   capacities of such Defendant, when the same has been ascertained, and to join them in this

13   action, together with the proper charges and allegations.

14       5.    DOES 10 may be owners of the vehicle and/or immediate family members of

15   Defendants, who may be liable for Defendants' negligence, pursuant to NRS §41.440, which

16   states:

17       any liability imposed upon a wife, husband, son, daughter, father, mother,
         brother, sister, or other immediate family member of a family arising out of his
18       or her driving and operating a motor vehicle upon a highway with the
         permission, express or implied, of such owner is hereby imposed upon the owner
19       of the motor vehicle, and such owner shall be jointly and severally liable with
         his or her wife, husband, son, daughter, father, mother, brother, sister, or other
20       immediate member of the family for any damages proximately resulting from
         such negligence or willful misconduct, and such negligent or willful misconduct
21       shall be imputed to the owner of the motor vehicle for all purposes of civil
         damages.
22

23       6.    DOES 10 and ROE Corporations 1-10are Defendant and/or employers of named

24   and/or unnamed Defendants who may be liable in negligence generally, or pursuant to NRS

25   §41.130, which states:

26       [e]xcept as otherwise provided in NRS 41.745, whenever any person shall suffer
         personal injury by wrongful act, negligent, or default of another, the person
27       causing the injury is liable to the person injured for damages; and where the

28

person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

7.    The Eighth Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS §13.040, and/or NRS §41.130 as the occurrence giving rise to this case took place in Clark County, Nevada and the amount in controversy exceeds $15,000.

## GENERAL ALLEGATIONS

8.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

9.    That Plaintiff TERESA TORRES (hereinafter "Plaintiff" or "TORRES") is and was, at all times mentioned herein, the driver of a 2013 White Volkswagen Jetta Sedan (hereinafter "the Volkswagen").

10.    That Defendant GAYLENE SANDEE DAVIS (hereinafter "Defendant Owner" and/or "GAYLENE") is and was, at all times mentioned herein, the registered owner of a 2022 White Kia Sorento SUV (hereinafter "the KIA").

11.    That Defendant GILBERT DAVIS (hereinafter "Defendant Driver" and/or "GILBERT") is and was, at all times mentioned herein, the driver of a the KIA, which at all times mentioned herein was owned by Defendant Owner.

12.    On or about October 27, 2024, in Clark County, Nevada, Plaintiff was traveling Eastbound on Windmill Lane in the Volkswagen intending on traveling through the intersection with Gilespie Road with a steady green light controlling Plaintiff's path of travel.

13.    At this time, Defendant Driver was traveling Southbound on Gilespie Road in the KIA approaching the intersection with Windmill Lane with a steady red light controlling Defendant Driver's path of travel. Defendant Driver failed to stop the KIA at the red light and traveled into the intersection causing the front of Plaintiff's Volkswagen to collide with the front passenger side of the KIA. (hereinafter "the Collision").

14.    As a result of the Collision, the KIA and the Volkswagen came together which caused the rear right of the KIA to collide with the rear left side of the Volkswagen. Both vehicles were then redirected in a southwest direction. The KIA traveled approximately 120

feet southeast where it went over the southeast curb and crashed into a large rock. The Volkswagen traveled approximately 80 feet south in the Northbound lanes before coming to a stop.

15.    As a result of the Collision, Plaintiff was transported from the scene of the collision via Ambulance and sustained major injuries.

16.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff sustained serious, permanent, and debilitating injuries to her body and nervous systems.

17.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff also suffered great pain, suffering, anxiety, and loss of enjoyment of life that prevented Plaintiff from attending her usual activities and will be prevented in part from attending to her usual activities in the future, and that further, said injuries have partially and permanently disabled Plaintiff.

18.    As a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff limited her occupational and recreational activities, which has caused, and shall continue to cause, Plaintiff's loss of earning capacity, lost wages and loss wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

19.    That as a direct and proximate result of the negligent conduct of the Defendant(s), Plaintiff was required to seek medical care in a sum in excess of $15,000.

20.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff will in the future be required to expend sums for future medical care and treatment for such injuries, all to her damage in a sum in excess of $15,000.

21.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest, plus costs of suit.

## FIRST CAUSE OF ACTION
### (Negligence against Defendant Driver "GILBERT")

22.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the

complaint as though fully set forth herein and incorporates the same herein by reference.

23.     Defendant Driver owed a duty of care to Plaintiff to operate a vehicle in a reasonable and safe manner.

24.     Defendant Driver breached that duty of care by, among other things, failing to decrease speed, failing to pay due attention, failing to stop at a red light, traveling on Gilespie Road in the KIA into the intersection at Windmill Lane, thereby causing the Collision with Plaintiff's Volkswagen on the roadway.

25.     The acts of Defendant Driver, as described herein, violate the traffic laws of the State of Nevada, which include, but are not limited to:

     a. **NRS §484B.307(8)**— Where the signal is a steady red signal alone: (a) Vehicular traffic facing the signal must stop before entering the crosswalk on the nearest side of the intersection where the sign or pavement marking indicates where the stop must be made, or in the absence of any such crosswalk, sign or marking, then before entering the intersection, and, except as otherwise provided in paragraphs (c) and (d), must remain stopped or standing until the green signal is shown.;

     b. **NRS §484B.600 (1)**—Duty to (a) travel at a speed that is reasonable and proper with due regard for highway conditions; (b) travel at a rate of speed that will not endanger the life, limb or property of any person; (c) travel at a rate of speed greater than the posted speed limit.

26.     The plain and unambiguous language of the above statutes are intended to protect members of the public, such as Plaintiff, from persons violating the statutes, such as Defendant Driver.

27.     While in her vehicle, Plaintiff was within the class of persons that the aforementioned statutes are designed to protect, and Plaintiff's injuries and damages are the type that the aforementioned statutes are intended to prevent from occurring.

28.     The acts of Defendant Driver, as described herein, violated the traffic laws of Clark County and the state of Nevada.

29.     The failure of Defendant Driver to follow the traffic laws constitutes *negligence*

*per se* as Defendant Driver's duty of care and breach of duty of care has been satisfied under the negligence cause of action.

30.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff sustained serious, permanent, and debilitating injuries to her body and nervous systems.

31.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff also suffered great pain, suffering, anxiety, and loss of enjoyment of life that prevented Plaintiff from attending her usual activities and will be prevented in part from attending to her usual activities in the future, and that further, said injuries have partially and permanently disabled Plaintiff.

32.    As a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff limited her occupational and recreational activities, which has caused, and shall continue to cause, Plaintiff's loss of earning capacity, lost wages and loss wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

33.    That as a direct and proximate result of the negligent conduct of the Defendant(s), Plaintiff was required to seek medical care in a sum in excess of $15,000.

34.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff will in the future be required to expend sums for future medical care and treatment for such injuries, all to her damage in a sum in excess of $15,000.

35.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest, plus costs of suit.

## SECOND CAUSE OF ACTION
### *(NRS § 41.440-Family Purpose Doctrine-against Defendant Owner "GAYLENE")*

36.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

37.    Upon information and belief, Defendant Driver GILBERT is and/or was an immediate family member of Defendant Owner GAYLENE at the time of the Collision.

1

2

**38.**    Upon information and belief, Defendant Owner GAYLENE had control of the KIA, being driven by Defendant Driver GILBERT at the time of the Collision.

3

4

**39.**    Upon information and belief, Defendant Driver GILBERT was operating the KIA with the express or implied permission of Defendant Owner GAYLENE.

5

6

7

**40.**    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff sustained serious, permanent, and debilitating injuries to her body and nervous systems.

8

9

10

11

12

**41.**    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff also suffered great pain, suffering, anxiety, and loss of enjoyment of life that prevented Plaintiff from attending her usual activities and will be prevented in part from attending to her usual activities in the future, and that further, said injuries have partially and permanently disabled Plaintiff.

13

14

15

16

**42.**    As a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff limited her occupational and recreational activities, which has caused, and shall continue to cause, Plaintiff's loss of earning capacity, lost wages and loss wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

17

18

**43.**    That as a direct and proximate result of the negligent conduct of the Defendant(s), Plaintiff was required to seek medical care in a sum in excess of $15,000.

19

20

21

**44.**    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff will in the future be required to expend sums for future medical care and treatment for such injuries, all to her damage in a sum in excess of $15,000.

22

23

24

**45.**    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest, plus costs of suit.

25

26

### THIRD CAUSE OF ACTION
***(Negligent Entrustment-against Defendant Owner "GAYLENE")***

27

28

**46.**    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

47.    Upon information and belief Defendant Owner GAYLENE was the owners and/or had control of the KIA involved in the Collision, and had a duty of care to exercise reasonable care in entrusting and/or placing the KIA with a person who was competent, experienced, and/or qualified to operate it on Nevada roadways.

48.    At the time of the Collision, Defendant Owner GAYLENE entrusted and/or otherwise placed the KIA with Defendant Driver GILBERT.

49.    When Defendant Owner GAYLENE entrusted and/or otherwise placed the KIA with Defendant Driver GILBERT, she knew, or with reasonable care should have known, that Defendant Driver GILBERT was incompetent, inexperienced, and/or unqualified to operate the KIA.

50.    Further, when Defendant Owner GAYLENE entrusted and/or otherwise placed the KIA with Defendant Driver GILBERT, she knew that he did not have a valid license and was not allowed to operate a motor vehicle without a valid license.

51.    Defendant Owner GAYLENE's said entrustment, employment, and/or placement of the KIA with Defendant Driver GILBERT created an unreasonable risk of harm to others, and she breached her duty of care owed to people on Nevada roadways, including Plaintiff.

52.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff sustained serious, permanent, and debilitating injuries to her body and nervous systems.

53.    That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff also suffered great pain, suffering, anxiety, and loss of enjoyment of life that prevented Plaintiff from attending her usual activities and will be prevented in part from attending to her usual activities in the future, and that further, said injuries have partially and permanently disabled Plaintiff.

54.    As a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff limited her occupational and recreational activities, which has caused, and shall continue to cause, Plaintiff's loss of earning capacity, lost wages and loss wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable

amount.

56. That as a direct and proximate result of the negligent conduct of the Defendant(s), Plaintiff was required to seek medical care in a sum in excess of $15,000.

56. That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff will in the future be required to expend sums for future medical care and treatment for such injuries, all to her damage in a sum in excess of $15,000.

57. That as a direct and proximate result of the negligent conduct of Defendant(s), Plaintiff was required to obtain the services of an attorney in order to prosecute this action, and is entitled to recover reasonable attorney's fees, interest, plus costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

58. For a judgment in favor of Plaintiff and against Defendants on the complaint and all claims for relief asserted therein;

59. For an award of general damages for an amount in excess of $15,000;

60. For an award of compensatory damages in an amount in excess of $15,000;

61. Past and future medical and incidental expenses incurred and to be incurred, which are in and amount in excess of $15,000;

62. Damages for past and future pain, suffering, disfigurement, mental anguish, and lose of enjoyment of life in an amount in excess of $15,000;

63. Damages for past and future earnings and earning capacity in an amount in excess of $15,000;

64. For an award of reasonable attorney's fees and costs incurred in this action; and interest incurred herein; and

65. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff, TERESA TORRES, by and through her counsel of record, Brock K. Ohlson, Esq., Justin A. Corne, Esq. and Caitlin J. Lorelli, Esq. of BROCK K. OHLSON PLLC, hereby demands a jury trial in the above-entitled matter.

DATED this 24th day January 2025

BROCK K. OHLSON PLLC

_____
BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
JUSTIN A. CORNE, ESQ.
Nevada bar No. 14504
CAITLIN J. LORELLI, ESQ.
Nevada Bar No. 14571
6060 Elton Avenue, Suite A.
Las Vegas, NV 89107
*Attorneys for Plaintiff*

Electronically Filed
5/14/2025 4:36 PM
Steven D. Grierson
CLERK OF THE COURT

1  **WAIV**
   BROCK K. OHLSON, ESQ.
2  Nevada Bar No. 12262
   JUSTIN A. CORNE, ESQ.
3  Nevada Bar No. 14504
   CAITLIN J. LORELLI, ESQ.
4  Nevada Bar No. 14571
   **OHLSON CORNE LLP**
5  6060 Elton Avenue, Suite A
   Las Vegas, NV 89107
6  Telephone: (702) 982-0055
   Facsimile: (702) 982-0150
7  BROCK@INJURED.VEGAS
   JUSTIN@INJURED.VEGAS
8  CAITIN@INJUED.VEGAS
   Attorneys for Plaintiff
9

10          **IN THE EIGHTH JUDICIAL DISTRICT COURT**
                 **CLARK COUNTY, NEVADA**
11

12  **TERESA TORRES**, individually;          CASE NO.: A-25-910866-C
                                              DEPT NO.: 4
13                 Plaintiff,

14  vs.

15  **GILBERT DAVIS**, individually,          **WAIVER OF SERVICE OF**
    **GAYLENE SANDEE DAVIS**, individually,   **SUMMONS UNDER RULE 4.1 OF**
16  DOES 1-10 and ROE CORPORATIONS 1-10,      **THE NEVADA RULES OF CIVIL**
    inclusive,                                **PROCEDURE**
17
                   Defendants.
18

19

20  To: Plaintiff(s) and their Counsel OHLSON CORNE LLP:

21       I have received your request to waive service of a summons in this lawsuit along with a
    copy of the complaint, two copies of this waiver form, and a prepaid means of returning one
22  signed copy of the form to you.

23       I, or the entity I represent, agree to save the expense of serving a summons and complaint
24  in this lawsuit.

25       I understand that I, or the entity I represent, will keep all defenses or objections to the
    lawsuit, the court's jurisdiction, and the venue of the lawsuit, but that I waive any objections to
26  the absence of a summons or of service.

27       I also understand that I, or the entity I represent, must file and serve an answer or a

28

                              Page 3

1  motion under <u>Rule 12</u> of the Nevada Rules of Civil Procedure within 60 days from **APRIL 15,**
2  **2025,** the date when this request was sent .If I fail to do so, a default judgment will be entered
   against me or the entity I represent.

3  Date: 5/13/25

4  *Taylor Selim*

5  (Signature of the attorney or unrepresented party)

6  Taylor Selim  SBN 12091

7  (Printed name)

8  1935 Village Ctr. Cir., Las Vegas, NV 89134

9  (Address)

   taylor @ hawperselim.com

10 (Email address)

11 702 - 948 - 9240

12 (Telephone number)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "B"

Electronically Filed
7/7/2025 5:24 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ABREA**
   BROCK K. OHLSON, ESQ.
2  Nevada Bar No. 12262
   JUSTIN A. CORNE, ESQ.
3  Nevada Bar No. 14504
4  **OHLSON CORNE LLP**
   10100 W. Charleston Blvd. Suite 110
5  Las Vegas, Nevada 89135
   (702) 982-0055 Phone
6  (702) 982-0150 Fax
   EFILE@INJURED.VEGAS
7  *Attorneys for Plaintiff*

8

9                **EIGHTH JUDICIAL DISTRICT COURT**
                    **CLARK COUNTY, NEVADA**
10

11  TERESA TORRES, individually,              CASE NO.: A-25-910866-C
                                              DEPT NO.: 4
12                      Plaintiff,

13  vs.                                       **PLAINTIFF'S REQUEST FOR**
                                              **EXEMPTION FROM ARBITRATION**
14  GILBERT DAVIS, individually;
    GAYLENE SANDEE DAVIS, indivdually,
15  DOES I - X, and ROE CORPORATIONS
    I - X, inclusive,
16
                        Defendants.
17

18

19
        Plaintiff, TERESA TORRES, by and through her attorneys of record, Brock Ohlson, Esq.,
20
    and Justin A. Corne, Esq., of the law firm OHLSON CORNE LLP hereby requests the above-entitled
21
    matter be exempted from the Court Annexed Arbitration Program pursuant to Nevada Arbitration 5.
22
    This matter qualifies for **permissive exemption** (NAR 5(b)) as the case involved an amount in
23
    controversy that is in excess of $50,000 per Plaintiff, exclusive of interest and cost.
24  / / /

25  / / /

26  / / /

27  / / /

28

## I.   <u>FACTUAL SUMMARY GIVING RISE TO THE SUBJECT LAWSUIT</u>

A specific summary of the facts which supports Plaintiff's contention for exemption is as follows:

On October 27, 2024, in Clark County, Nevada, Plaintiff Teresa Torress was driving a 2013 Volkswagen Jetta eastbound on Windmill Lane, intending on traveling through the intersection with Gilespie. Teresa was proceeding through the intersection with a green traffic light controlling her direction of travel. At this time, defendant Gilbert Davis was traveling southbound on Gilespie Road in a 2022 Kia Sorento, approaching the intersection with Windmill Lane with a red light controlling his direction of travel. Gilbert traveled into the intersection, failing to use due care, failing to obey the traffic control light that was red, causing the front of Teresa's Volkswagen to collide with the front passenger side of the Kia (hereinafter the Collision).

The Collision caused considerable damage to Plaintiff's vehicle as well as injuring Teresa. Teresa filed her complaint against Defendant Gilbert Davis asserting causes of action for negligence and against Defendant Owner Gaylene Sandee Davis for liability pursuant to NRS §41.440 and for negligent entrustment.



## II.   <u>INJURY AND MEDICAL TREATMENT SUMMARY</u>

Following the collision on October 27, 2024, Teresa was transported by emergency medical services to University Medical Center for evaluation of injuries sustained in the motor vehicle collision. Teresa arrived in the trauma unit with obvious deformities to her right ankle. On initial evaluation she was found to have a closed head injury, left forearm laceration and a right open

trimalleolar fracture with displacement requiring open reduction and internal fixation surgery the same day. Teresa also sustained fractures to her left lateral 9th rib, a comminuted fibula fracture and experienced tenderness to her left wrist. Teresa was discharged from University Medical Center with recommendations to follow up with her orthopedic specialist at UMC Orthopedic and Spine Institute.

On November 12, 2024, Teresa followed up with Dr. Andrea Attenasio at UMC Orthopedic and Spine Institute. Teresa was directed to continue non weightbearing activities and transition to a CAM walker boot to begin ankle range of motion exercises as tolerated. Teresa continued to follow up with her orthopedist and begin a regimen of physical therapy with her primary care clinic, Culinary Health Center, where she continues to receive physical therapy.

### III. COMPUTATION OF DAMAGES

Plaintiff's current computation of damages based upon the initial treatment required after the Collision is as follows:

| DATES | Provider/Damage | Amount |
|---|---|---|
| 10/27/24 | Clark County Fire Department | $0.00 |
| 10/27/24 | Community Ambulance | $1,704.11 |
| 10/27/24—10/29/24 | University Medical Center | $191,689.40 |
| 10/27/24 | UNLV Health | $837.00 |
| 10/29/24 | Walgreens | $14.86 |
| 2/4/25 | UMC Orthopedic and Spine Institute | $2,941.00 |
| 11/13/24—6/24/25 | Culinary Health Center | $TBD |
| 6/19/25 | Steinberg Diagnostic Medical Center | $595.00 |
| **TOTAL PAST MEDICAL SPECIALS** | | **$197,781.37** |
| Past Pain & Suffering | | TBD |
| Past Lost Wages | | TBD |
| Future Medical Special | | TBD |
| Future Pain and Suffering | | TBD |
| **TOTAL** | | **$197,781.37+** |

***Plaintiff's Medical Records and Bills can be submitted to the Court for Review if necessary.***

Plaintiff's medical specials are only a fraction of her damages. Given the total medical specials exceeding $197,000+, and the treatment Plaintiff has undergone to date, the probable jury award in this case exceeds the $50,000 jurisdictional threshold for exemption from the Court

Annexed Arbitration Program. For all of these reasons, the Plaintiff respectfully requests this case be exempted.

I hereby certify pursuant to NRCP 11 this case is included within the exemption(s) marked above and am aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED this 7th day of July 2025

OHLSON CORNE LLP

JUSTIN A. CORNE, ESQ.
Nevada Bar No. 14504
10100 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

- 4 -

1

## CERTIFICATE OF SERVICE

2

3      Pursuant to NRCP 5(b), I certify that I am an employee of OHLSON CORNE LLP, and that

4  on this 7th day of July 2025 I served a copy of the foregoing **PLAINTIFF'S REQUEST FOR**

5  **EXEMPTION FROM ARBITRATION** as follows:

6  [X]    Electronic Service — in accordance with Administrative Order 14-2 and Rule 9 of the
   Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.).
7

8  [  ]    by placing a true and correct copy of the same to be deposited for mailing in the U.S.
   Mail at Las Vegas, Nevada, enclosed in a sealed envelope upon which first class postage was
9  fully prepaid; and/or

10 [  ]    pursuant to EDCR 7.26, by sending it via facsimile; and/or

11 [  ]    by hand delivery

12 to the attorneys listed below:

13
   TAYLOR G. SELIM
14 Nevada Bar No. 12091
   HARPER | SELIM
15 1935 Village Center Circle
   Las Vegas, Nevada 89134
16 Phone: (702) 948-9240
   Fax: (702) 778-6600
17 Email: eservice@harperselim.com
   *Attorney for Defendants*
18

19                          _/s/ Samantha Snyder_
                           An employee of
20                         **OHLSON CORNE LLP**

21

22

23

24

25

26

27

28